CLYDE O. THOMAS *and* B. THOMAS, *Plaintiffs in Error,* v. JOHN W. MARTIN, Governor of the State of Florida, for the use and benefit of Irene C. Thomas, *Defendant in Error.*

En Banc.

Opinion filed July 8, 1930.

*L. L. Campbell* and *Zack H. Douglas,* for Plaintiffs in Error;

*S. L. Scruggs,* for Defendants in Error.

DAVIS, Commissioner:

In the caption of the declaration in this case it appears that "John W. Martin, Governor of the State of Florida, for the use and benefit of Irene C. Thomas," is plaintiff and that Clyde O. Thomas and B. Thomas are defendants. The word "plaintiff" is used several times in the body of the declaration, but in no place, other than in the caption, is it made to appear who is plaintiff.

The basis of the action is a bond given by Clyde O. Thomas as principal, and B. Thomas as surety, the condition of which is that "if the said Clyde O. Thomas, defendant, shall not depart from the State of Florida during the pendency of that certain suit filed in the Alachua County Circuit Court of the State of Florida, on the Chancery side thereof, wherein Irene C. Thomas is Complainant and Clyde O. Thomas is Defendant, without leave of said Circuit Court."

This bond was given as a result of an order of said court made in the case of Irene C. Thomas v. Clyde O. Thomas, pending in Alachua County, authorizing the issuance of a writ of *ne exeat* and fixing the amount and conditions of the bond, all of which is shown by the declaration. Plaintiff alleged that the said suit of Irene C. Thomas had not been concluded and that the defendant Clyde O. Thomas, notwithstanding the obligation of said bond and without leave of the said chancery court and after making and executing said bond, did leave and depart from the State of Florida and did not return to said state before a personal appearance was necessary to perform an order or decree of the said chancery court contrary to the said terms, stipulations and conditions of said bond, to the damage of said plaintiff in that there was then due and owing "under and by virtue of said decree and order" certain sums of money as "support or alimony" and for solicitors' fees.

To the declaration the defendant interposed a demurrer which was overruled by the court and this ruling has been assigned as error here.

Section 4201 (2561) Compiled General Laws of Florida, 1927, provides as follows:

"Any civil action at law may be maintained in the name of the real party in interest. * * * By amendment the nominal plaintiff may be stricken out and the case may proceed in the name of the use plaintiff."

Article 12 of Chapter X, Title III (Sections 4976-79) Comp. Gen. Laws of Florida, 1927, does not expressly provide, as did the original act of November 7, 1828, for the giving of a bond by one taken into custody by a sheriff under a writ of *ne exeat*, but there can be no question as to one under such restraint having such right.

The copy of the order directing the issuance of the writ of *ne exeat* annexed to and made a part of the declaration does not direct to whom the bond should run. The bond taken by the officer and upon which this action is based runs to the "Governor of the State of Florida and his successors in office." It does not bind Clyde O. Thomas to pay money then due or which might afterwards accrue by virtue of any decree or order which might be made in the suit instituted against him by Irene C. Thomas or to comply with or to perform any such decree. The only condition named therein is that he "shall not depart from the State of Florida during the pendency" of that suit.

If this action had been brought by Irene C. Thomas in her own name, it would have to fall upon demurrer, because the bond does not require the said Clyde O. Thomas to pay money to her or to perform any order or decree made in the case that had been instituted by her on the chancery side of the court. The effect of the bond was to require the defendant in that cause to remain in the State of Florida,

so that if the necessity arose he might be reached by the arm of the court that issued the writ. If Clyde O. Thomas violated the condition of the bond, his offense, if any, was against the court and such violation was not a breach of any duty or · obligation that he owed to Irene C. Thomas.

This Court has held that:

"In all suits brought for the use of another, the person in whose name the suit is brought for the use of another is but the *nominal* plaintiff—the *real* plaintiff is the person for whose use it is instituted; he brings the suit in the name of the nominal plaintiff, *by virtue of a right to use his name,* and if he recovers, the proceeds go to him; consequently he controls the suit and he may discharge it. The nominal plaintiff has no control or management of the suit." Kendig v. Giles, 9 Fla. 278, 281. See also Robinson v. Springfield Co., 21 Fla. 203, 218; Sammis v. Wightman, 31 Fla. 45, 52, 12 So. R. 536; Hamburg v. Liverpool & L. & G. Ins. Co., 42 Fla. 86, 93, 27 So. R. 872; Peninsular Naval Stores Co. v. Mathers, 96 Fla. 620, 119 So. R. 333.

The facts disclosed by the declaration do not present such a case as gives to Irene C. Thomas the real plaintiff the right to sue upon said bond nor the right to use the name of John W. Martin, Governor of Florida, nominal plaintiff, and in consequence thereof, the court committed error in overruling the demurrer to the declaration.

It may be said that we may disregard the words "for use and benefit of Irene C. Thomas" as surplusage, and look upon the case as one where "John W. Martin, Governor of the State of Florida," is plaintiff. By so doing the declaration could not be held good upon demurrer because the words "Governor of the State· of Florida" are merely *descriptio personae.* 47 C. J. 177.

The character in which John W. Martin is made a party to the suit is as an individual and not *as* Governor of the State of Florida, and inasmuch as the said Clyde O. Thomas bound himself to the ''Governor of the State of Florida, and his successors in office,'' and not to John W. Martin, it is apparent from the face of the declaration that John W. Martin as an individual has no right of action against the defendants upon the bond.

In the consideration of this case, the thought has occurred to us that inasmuch as a bond like the one sued upon is a bail bond, it partakes of the nature of a penal bond and therefore an action thereon should be by the Governor for the use and benefit of the county in which the proceeding wherein the bond is filed is pending. It may be that before the necessity arises for us to determine this question, the legislature will make clear what is now rather obscure.

The judgment is reversed and the cause remanded for further proceedings.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the judgment of the Court below should be, and the same is hereby, reversed and the cause remanded for further proceedings.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM, BROWN AND BUFORD, J. J., concur.