## AMERICAN SURETY COMPANY OF NEW YORK v. ANNA GEDNEY.

167 So. 355.

Division B.

Opinion Filed April 11, 1936.

Rehearing Denied April 28, 1936.

*Byron M. Skelton* and *Charles J. Schuh,* for Plaintiff in Error;

*Phillips & Thompson,* for Defendant in Error.

BUFORD, J.—The writ of error brings for review judgment against the surety on a bond executed by the defendant in divorce proceedings, which bond contained the following conditions:

"The condition of the above obligation is such that, whereas, the said Anna Gedney has this day applied for Writ of *Ne Exeat Republicae* staying the said Mathias M. Gedney from departing out of the jurisdiction of this Court without leave first had, now if the said Mathias M. Gedney shall not go or attempt to go out of this State without leave of this Court, and if he shall abide by and comply with all lawful orders and decrees of said Court and pay all sums of money now due and give bond and security that he will pay sums which shall, in the future, become due by reason of the final decree in this case, then this obligation to be void, also to remain in full force and effect."

The declaration alleged in part as follows:

"Plaintiff states that the said Mathias M. Gedney has not abided by and complied with a certain order and decree of this Court duly entered in said cause in Chancery Order Book 111 at page 354 thereof, nor any part thereof.

"That, in particular, plaintiff alleges that said order, by paragraph 2 thereof, ordered said Mathias M. Gedney to pay to plaintiff the sum of Eight Hundred Sixty-five Dollars ($865.00) as back alimony, on September 30th, 1933, in default and owing to the plaintiff, but that defendant has not paid the said sum, nor complied with said portion of the said order or any part thereof;

"That in particular, further, plaintiff alleges that by said order, by paragraph 4 thereof, the said defendant was required to pay to plaintiff the further sum of One Hundred Ten and 01/100 Dollars ($110.01) as in indebtedness on account of plaintiff's costs in taking certain depositions in the aforesaid chancery cause, but that said defendant has not paid the said sum nor any part thereof;"

Then follows other allegations specifically stating the conditions of other paragraphs of the order above referred to and the amounts required to be paid under each thereof, and that the defendant had entirely failed to abide by and comply with the provisions of the said order in the particulars named. The order is attached to and by apt words made a part of the declaration. The order was made and entered as is alleged, on September 30, 1933, and was a modification of an order theretofore entered and was made subsequent to the execution of a bond which bond was executed on December 24, 1931. There is no question about the execution of the bond.

The bond is termed by the plaintiff in error a *Ne Exeat* bond. It is not purely a *Ne Exeat* bond. It is a bond which was given, that is, made and executed by the defendant

and his surety under order of court in a divorce proceeding wherein the custody of children was involved and it not only was a bond not to depart the jurisdiction of the court but it was also a bond made under authority of Sec. 3198 R. G. S., 4990 C. G. L., in connection with an order to pay alimony and also a bond made under authority of Sec. 3201 R. G. S., 4993 C. G. L., relating to the enforcement of orders touching the care and maintenance of children.

The declaration does not allege that the defendant has departed the jurisdiction of the court without leave and consent thereof. Nor does it allege or claim damages by reason of violation of the bail feature of the bond. That part of the bond which is sought to be enforced is that which stands as security that the defendant should comply with all the lawful orders and decrees of the court.

There is no contention that the orders and decree referred to were not lawfully made by the Circuit Court in the exercise of its discretion and jurisdiction in this behalf.

The record shows that after the bond was entered into, the following order was made:

"This cause coming on this day to be heard on motion of the defendant, Mathias M. Gedney, through his solicitors, Messrs. Wylie & Warren, for permission of the Court to leave the State of Florida until such time as his presence may be required by this Court, and the defendant himself being in court, and R. G. McCutcheon, the attorney in fact for the American Surety Company of New York, appearing in court on behalf of the American Surety Company of New York and giving the consent of the American Surety Company of New York to the departure from the State of Florida of the defendant and to the entry of this order.

"It Is Ordered that permission be and the same is hereby granted to the defendant, Mathis M. Gedney, to leave the

State of Florida until such time as his presence in the State may be requested or required by this Court.

"It Is Further Ordered that the said defendant shall return to the State of Florida and to the jurisdiction of this Court on fifteen (15) days written notice served on Messrs. Wylie & Warren, his attorneys, that an order requiring his presence has been entered by this Court, and that service of any notice or notices in the above entitled cause on Messrs. Wylie & Warren aforesaid shall be considered as service of notice on the defendant.

"It Is Further Ordered that nothing herein contained shall be considered as a modification or release of any of the rights, claims or demands of the plaintiff against the defendant or of the liability of the defendant or of the American Surety Company of New York under and by virtue of the bond filed herein on the 24th day of December, A. D. 1931, in which the defendant is named as principal and the American Surety Company of New York is named as surety and that said bond shall be and remain in full force and effect.

"Done and Ordered in Chambers at St. Petersburg, Florida, this 31st day of December, A. D. 1931."

The record further shows that this order was assented to by the American Surety Company of New York, and by Mathias M. Gedney, and by his attorneys, Wylie & Warren.

This bond is entirely different from that bond which was under consideration in the case of Thomas v. Martin, 100 Fla. 146, 129 Sou. 603. In that case the bond under consideration was a bail bond only and it is pointed out in the opinion in that case that Irene C. Thomas could not have maintained an action upon that bond because the bond did not require Clyde O. Thomas to pay money to her or to perform any order or decree made in the case that had been

instituted by her on the Chancery side of the docket. The language used was as follows:

"The copy of the order directing the issuance of the writ of *ne exeat* annexed to and made a part of the declaration does not direct to whom the bond should run. The bond taken by the officer and upon which this action is based runs to the 'Governor of the State of Florida and his successors in office.' It does not bind Clyde O. Thomas to pay money then due or which might afterwards accrue by virtue of any decree or order which might be made in the suit instituted against him by Irene C. Thomas or to comply with or to perform any such decree. The only condition named therein is that he 'shall not depart from the State of Florida during the pendency of that suit.'

"If this action had been brought by Irene C. Thomas in her own name, it would have to fall upon demurrer, because the bond does not require the said Clyde O. Thomas to pay money to her or to perform any order or decree made in the case that had been instituted by her on the chancery side of the court. The effect of the bond was to require the defendant in that cause to remain in the State of Florida, so that if the necessity arose he might be reached by the arm of the court that issued the writ. If Clyde O. Thomas violated the condition of the bond, his offense, if any, was against the court and such violation was not a breach of any duty or obligation that he owed to Irene C. Thomas."

In this case the bond specifically provided that the defendant "shall abide by and comply with all lawful orders and decrees of said court and pay all sums of money now due and give bond and security that he will pay sums which shall become due by reason of the final decree in this case."

It is contended that the condition of the bond has not

been violated because there is no allegation that the defendant has failed or refused to "give bond and security that he will pay sums which shall in the future become due by reason of the final decree in this case." This position is untenable because if the defendant has complied with the bond in that respect such compliance might be a matter of defense. But no such defense has been offered in this case.

Under the provisions of Sections 3198 R. G. S., 4990 C. G. L., and 3201 R. G. S., 4993 C. G. L., the court was authorized and had jurisdiction to make such order. Or, in other words, when a defendant husband in a divorce suit in which he is held under writ of *ne exeat* applies for leave to depart the jurisdiction, the court may require of defendant such bonds payable to complainant as would secure payment of the wife's alimony to her, and the court also had the power and authority to require the defendant to give such security, in the way of bond or otherwise, that the court might determine to be proper, equitable and just to secure the performance of the orders of the court touching the custody and maintenance of the children of the marriage involved.

In a bond required by such orders the complainant would be the proper obligee to be named because the bond is required to be given to secure to her the payment of those sums of money which the court decrees to be due to her from the defendant. This must be true. Otherwise, a designing defendant could entirely frustrate the jurisdiction of the court and avoid complying with the orders of the court by posting a bond conditioned only that he shall not depart the State of Florida during the pendency of the cause and thereupon violate the condition of that bond by fleeing the jurisdiction of the court and leaving the court with no means of enforcing its orders or decrees and leaving the

plaintiff with no method of requiring payment to her of the sums decreed to be paid. In Thomas v. Martin, *supra*, it was held:

"The violation of a condition of a *ne exeat* bond running to the Governor of the State of Florida and his successors in office, in which bond the only condition is that the principal shall not depart the State of Florida during the pendency of the cause in which the writ issued, will not give to a use plaintiff the right to sue upon said bond nor the right to use the name of the Governor as nominal plaintiff."

The court, however, may obviate the possibility of this frustration by requiring the defendant while he is within the jurisdiction of the court to post bond, not only that he will not depart the jurisdiction of the court without leave, but also that in any event he will comply with and abide by the lawful judgments, orders and decrees of the court.

The plaintiff in error raises a number of questions, but we think that the conclusions herein stated dispose of all the legal questions which need to be disposed of here, except that the plaintiff in error, by question No. 3 in the following language' "A *ne exeat* bond is delivered to a Sheriff to effect the release of the principal from the Sheriff's custody. A private individual named as obligee sues a surety to recover on said bond in a declaration specifically alleging delivery to the obligee. Is non-delivery to the obligee as alleged in the declaration a defense in such action?" challenges the delivery of the bond executed in conformity with the order of the court to the sheriff as a sufficient delivery. The Sheriff is the executive officer of the Circuit Court. Therefore, we hold that the delivery to the Sheriff of any bond required to be made, executed and delivered by any lawful order of the Circuit Court constitutes a sufficient delivery

to the obligee named in the bond or to any litigant entitled to the possession of the bond.

The order of court hereinabove quoted, made and entered on the 31st day of December, 1931, and which was specifically assented to by the defendant and his attorneys and the surety company, constituted a full recognition by the parties of the obligations of the bond in favor of the complainant and the surety company is not now in position (having been a party to procuring for the defendant the leave of court to depart the State and thereby get beyond the jurisdiction of the court and in a position where the court could not enforce its orders and decrees by proceedings against the person of the defendant), to deny and avoid its liability on that bond which constituted the very basis of the granting of the order allowing the defendant to so depart the jurisdiction.

For the reasons stated, the judgment should be affirmed. It is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.