ROBERT A. BUONANNO and ALL FLORIDA SURETY COMPANY, a Florida corporation v. MILLARD F. CALDWELL, as Governor of the State of Florida, suing for the use and benefit of CARMINA M. BUONANNO.

37 So. (2nd) 159                    June Term, 1948
October 19, 1948                        Division A

*Clyde W. Atkinson, O. B. White* and *J. Malcolm Johnson, Jr.,* for appellants.

*W. F. Maurer,* for appellee.

TERRELL, J.:

In May 1947, a final decree was entered in the Circuit Court of Broward County commanding Robert A. Buonanno to pay his wife Carmina M. Buonanno certain sums for temporary alimony, attorneys fees and permanent alimony, the latter commencing May 31, 1947 and to be paid in monthly installments. A ne exeat bond was executed and filed May 13, 1946 as required by order of the Court. Its purpose was to insure the presence of the defendant in Court when the final

judgment was entered and will be discussed more fully in the latter part of this opinion.

In October 1947, action was instituted by appellee against appellants to recover the amounts recited in the final decree, the basis of the action being that the conditions of the ne exeat bond were violated in that Robert A. Buonanno had failed to pay the sums of money awarded his wife. A motion to strike portions of the declaration was denied and a demurrer thereto was overruled. Pleas tending various defenses were then filed and went out on motion to strike. The court then entered a final judgment against the surety on the ne exeat bond, All Florida Surety Company, for $840., temporary alimony, $750., solicitors fees, eleven installments of $35. each ,and one installment of $25., permanent alimony, and costs with interest at six per cent from August 16, 1947. This appeal is from the interlocutory orders and the final judgment so entered.

The point for determination is whether the ne exeat bond did more than bind Robert A. Buonanno to appear at the next regular or special term of the Circuit Court in response to the writ of ne exeat.

Appellants contend that this question should be answered in the negative while appellee contends that the ne exeat bond not only bound the defendant to be present at the next term of the Circuit Court of Broward County, but that it required him to perform the final judgment that might be entered against him. The pertinent part of the ne exeat bond is as follows: "The condition of this obligation is such that if the said Robert A. Buonanno shall appear at the next regular or special term of the Circuit Court of Broward County to be held in and for said County to answer writ of ne exeat and shall appear from day to day and term to term of said Court and not depart the same without leave, then this obligation to be void, else to remain in full force and virtue."

The pertinent part of the writ of ne exeat requires Robert A. Buonanno to post a bond in the sum of $2000. conditioned

"to be and appear when required by the order of the Court to answer judgment entered therein, and in default thereof he shall be kept in your custody until the said order shall have been complied with." Appellee contends that the quoted provision of the writ of ne exeat and the quoted provision of the bond should be read together, and when so read, the bond not only binds Buonanno to appear but it binds him to pay or perform the final judgment imposed on him.

It is quite true that a subsequent provision of the ne exeat required defendant to enter "into bond required as aforesaid in the sum of $2000., not to depart the state without the order of the Court, to answer any judgment that may be made therein and in default thereof to confine him in the common jail of Broward County." Read in isolation this provision might be construed to secure payment of the final judgment but the previous provisions of the writ of ne exeat to which it is tied does nothing more than require defendant to be on hand to "answer any judgment entered therein" and the terms of the bond could be construed as nothing more than an appearance bond.

There is no assault on the form, timing or service of the ne exeat. The bond to support it is in the usual form, that is to say, defendant will not depart the jurisdiction of the Court and that he will be present to obey its lawful orders and decrees. In some jurisdictions he may be bound to appear and perform the decree of the Court and pay the sums imposed on him or to render himself amenable to any process that may be issued to enforce the decree, American Jurisprudence, Vol. 38, page 628, but the bond here does not go this far. The decisions seem to distinguish between a bond conditioned to perform a judgment and one conditioned to be present to answer a judgment. In the latter case the surety is not bound for performance, he is only bound for the presence of the defendant to perform. This case is in the latter class.

The rule seems general that a bond in support of a writ of ne exeat, conditioned on the presence of the defendant when directed to answer any order that may be made in the cause

is not violated by his failure to pay the amount ordered in the final decree. American Jurisprudence, Vol. 38, page 629..

The bond in this case being nothing more than an appearance bond, the chancellor was in error in holding that it bound appellants to pay the judgment imposed on them.

Reversed.

THOMAS, C. J., CHAPMAN and SEBRING, JJ., concur.