Florence Lieberman, appellee, filed a bill of complaint against her husband, Joseph Lieberman, appellant, in and by which bill she sought separate maintenance for herself and support for two infant children of the parties. Appellee prayed for a Writ of Ne Exeat which was issued by the Chancellor who in and by the said Writ directed the Sheriff to take the appellant into custody and incarcerate him until either cash bail or a good, adequate and sufficient surety bond in the penal sum of $6,000.00 should be posted for and on his behalf. The condition of the bond as required by the Writ of Ne Exeat was that the said Joseph Lieberman should remain and abide within the jurisdiction of the Circuit Court of the Eleventh Judicial Circuit of Florida.
Shortly after the Sheriff had taken appellant into custody a cash bond was placed with the Clerk of the Circuit Court. It appears to be undisputed that the $6,000.00 in cash was given to the Clerk by one Mona Lieberman, who is a sister-in-law of the appellant. The Clerk of the Circuit Court at the time he accepted the $6,000.00 in cash gave to Mona Lieberman an instrument in writing, in words and figures as follows:
"Know All Men By These Presents;
That the undersigned as Principal, jointly and severally, are held and firmly bound unto the Governor of the State of Florida and his successors in office, in the sum of $6,000.00 only, for the payment whereof well and truly to be made each binds himself, his heirs, executors and administrators, firmly by these presents; and, simultaneously with the execution of this Bond, the said Principal have deposited with the Clerk of the above styled court, in cash, a sum of money equal to that for which the said Principal are herein bounden, which said sum of money was, by the said Principal, deposited with the said clerk as a cash bond, pursuant to the provisions of section 8334 of the Compiled General Laws of the State of Florida, 1927.
Signed and sealed this 9th day of October, A.D. 1948. The condition of this obligation is such that, if the above bounden principal shall appear at the Rule day in November, 1948, of the above styled Court, in and for Dade County, Florida, regular or special, to answer a Bill of Complaint for Separate Maintenance and Writ of Ne Exeat, and shall appear at said Court from day to day and term to term and time to time, and not depart the same without leave of the said Court, then this obligation shall be void, else to remain in full force and effect. It is stipulated by the said Principal that, if this bond shall be estreated, the money deposited by him with the said clerk as a cash bond, as hereinbefore recited, shall be immediately paid into the Governor of the State of Florida; but, if the said Principal shall comply with the conditions of this bond, the said money shall be returned to Mona Lieberman, only, who is hereby authorized to receive the same.
Taken before and approved by me
E.B. Leatherman (s) Joseph Lieberman (SEAL) Clerk Principal
By F.J. Gould, _______________ (SEAL) D.C. Surety
(Ct. Ct. Seal)
Specimen signature of person authorized to receive money as prescribed in this bond:
(s) Mona Lieberman"
After the posting of the $6,000.00 in cash with the Clerk of the Circuit Court, appellant Lieberman was released from custody. He later filed an answer to his wife's bill for separate maintenance and *Page 462 
a counterclaim in which he prayed for a divorce.
Following the formation of the issues, a Special Master was appointed who heard the testimony of the parties and their witnesses. Subsequently he filed his report, to which exceptions were duly taken. On April 7th, 1949, the Chancellor, Honorable Charles A. Carroll, rendered a final decree in which he overruled the appellant's exceptions to the Special Master's Report. The Chancellor approved and confirmed the Special Master's Report; found that the appellee was entitled to separate maintenance; determined that the equities were against the appellant on his cross bill or counter-claim wherein he was seeking a divorce from the appellee, awarded the custody of the two children to their mother, the appellee, and granted the right of reasonable visitation to the appellant; directed the appellant to pay to the appellee $150.00 per month, $50.00 of said amount to be for separate maintenance and support of the appellee and $100.00 of said amount to be for the support of the children, $50.00 being allowed for the support of each of the two children; and, finally refused to allow the withdrawal of the balance of the $6000.00 cash bond (an interlocutory order was entered on December 31, 1948, reducing the bond from $6000.00 to the sum of $5500.00 and the attorney for appellant was authorized to receive payment of the difference of $500.00 and "to receipt for the same for the defendant Joseph Lieberman and/or Mona Lieberman who holds a receipt from the Clerk for such security money") which was placed with the Clerk of the Court as directed in the Writ of Ne Exeat, and ordered that "the balance of $5500.00 so on deposit in this Court is required to remain on deposit in the registry of this Court, as money of the defendant, as security for the payment of alimony and child support money as herein ordered to be paid."
The question for our determination is whether the Chancellor erred in holding that the money on deposit with the Clerk of the Circuit Court was money belonging to the appellant and thereby subject to being held to be dispersed upon the order of the Court to the appellee in the event the appellant should fail to pay the support money which had accrued, or which might accrue.
The learned Chancellor held the view that although the bond had served its purpose in that the appellant remained in the jurisdiction and appeared or was present up to and including the time of the final decree as required and contemplated by the Ne Exeat Order, nevertheless, the money advanced by Mona Lieberman to secure the appellant's release from custody of the Sheriff became the money of the appellant when it was released by Mona Lieberman and turned over to the Clerk because it was in law a loan to the appellant. Since the Chancellor stated that the cash which was posted as required by the Ne Exeat Writ was the money of the appellant on the theory that it was loaned to him, we assume that he was guided by the opinion in the case of Salter v. Weiner, 6 Abb.Pr., N.Y., 191, which was handed down in 1858 and is quoted in the brief of appellee, as follows:
"Clerke, J. (orally): Even if this money was Meyer's at the time of being deposited with the sheriff, by such deposit it became the money of Weiner. It is loaned money, and loaned money is the property of the loanee. The motion is denied, with $5 costs."
In the same brief we find the following quotation from the case of Alexander v. Creamer, 46 App. Div. 211, 61 N.Y.S. 539;
"That either in civil or criminal proceedings money deposited as bail may be applied to the satisfaction of obligations to secure which the defendant is held to bail, regardless of the rights of third parties to the money, seems settled by authority."
We give a different construction to the foregoing pronouncement of the New York Court (App. Div.) from that which is apparently given to it by counsel for appellee and which might have been given to it by the Chancellor. We can see no difference between that holding and ours in Thomas v. Martin, 100 Fla. 146,129 So. 602, and American Surety Co. of New York *Page 463 
v. Gedney, 123 Fla. 703, 167 So. 355. In this case the appellant was not "held to bail" for "satisfaction of obligations" to pay alimony or support money which had accrued or might accrue. He was "held to bail" to secure his appearance and to guarantee that he would not depart the jurisdiction without leave of Court. We have held in order for a wife to recover, on a Ne Exeat Bond, defaulted alimony orders in her favor, the bond must be more than an appearance bond or one to assure the fact that the husband will remain within the jurisdiction during the pendency of the cause. The condition of such a bond must be not only for the appearance of the defendant and that he shall not depart the jurisdiction without leave of court but it must also provide that he shall abide by and comply with the lawful orders and decrees of said court and pay all sums of money now due and which shall in the future become due. See Thomas v. Martin, supra; American Surety Co. of New York v. Gedney, supra. If a bond contains, in compliance with the Ne Exeat Writ, the foregoing specific conditions (or equivalent language) then, and only in such event, it may be said that the defendant is "held to bail" for "satisfaction of obligations" to pay alimony, separate maintenance or support which might have been or might be decreed against him.
The latter of the above cited cases decided the proposition that a Chancellor under certain circumstances may require such conditions in a Ne Exeat Bond but unless he does so a bond conditioned only upon the appearance of the husband and that he shall remain and abide within the jurisdiction of the court has served its purpose if, as in this case, the person released upon the filing of such a bond has complied with the stipulated condition or conditions of the bond.
The fallacy, as we see it, of the proposition that the money is the property of the appellant because it was loaned to him lies primarily in the fact that though it may have been loaned to him it was loaned to him for a specific purpose, to-wit; to be placed as security or a guaranty fund for the appearance of the appellant and that he would remain and abide within the jurisdiction of the Circuit Court of the Eleventh Judicial Circuit. Those were the only conditions required by the order and the only conditions of which Mona Lieberman had any notice. She advanced or loaned the money for the sole purpose of having it remain in the custody of the court to guarantee the appearance of the appellant and that he would not depart the jurisdiction of the court without leave of the court and since those conditions have been fulfilled she is entitled to present her receipt (which discloses the fact that the money was to be returned to her upon compliance by the appellant with the conditions of the bond) and secure the return of the cash deposited by her.
It is contended that Mona Lieberman was not a party to this suit and that the appellant could not present her claim for her. However, the record discloses that the Chancellor permitted Mona Lieberman to intervene evidently for the primary purpose of giving her an opportunity to be heard in that court [she was heard and a determination of her rights was made] and the privilege of appeal. She has entered an appeal. Her appeal and that of Joseph Lieberman are hereby consolidated.
It is our conclusion that the final decree should be reversed insofar as it provides that the cash sum of $5500.00 on deposit with the Clerk of the Circuit Court should remain on deposit in the registry of the court as money of the appellant and as security for payment of the alimony and child support money. Although we are reluctant, under the circumstances, to order the release of said money because it may result in great difficulty being experienced by the appellee in securing the sums awarded to her for separate maintenance and for support of the two children of the parties, we are constrained to the view that we have no alternative under the law.
Reversed for the entry of a final decree not inconsistent with the views herein expressed.
ADAMS, C.J., and CHAPMAN and ROBERTS, JJ., concur. *Page 464