44 So.2d 94 (1950)
PAN AMERICAN SURETY CO.
v.
WALTERSON.
Supreme Court of Florida, Division A.
February 3, 1950.
*95 Atkinson & Atkinson, Tallahassee, O.B. White and J. Malcolm Johnson, Jr., Miami, for Appellant.
Katz & Fuller, Miami, for Appellee.
PER CURIAM.
The basic question for our consideration on this appeal involves the construction of a bond filed in a pending suit for divorce in which the appellee, Mary Pearl Walterson, was plaintiff, and Donald Carter Walterson was defendant. The divorce suit terminated in plaintiff's favor, and final decree was entered, awarding her alimony in a lump sum and the costs of the suit, in the total amount of $9,845.00, and further providing that "in the event said sum is not paid as directed by this court, the plaintiff may immediately undertake proceedings to collect the same against the $7,500.00 Ne Exeat bond posted by the defendant."
The defendant did not comply with the order of the court respecting the alimony and costs, whereupon, upon petition of plaintiff, a Rule to Show Cause was issued by the Chancellor, directed to the Pan American Company, appellant herein, for the forfeiture of the bond. Judgment on Rule to Show Cause was entered for the plaintiff against the appellant in the amount of the bond, from which judgment this appeal has been taken.
It is conceded that Donald Carter Walterson, the defendant and the principal on the bond, is and has at all times been within the jurisdiction of the court and amenable to its process.
The bond under consideration was filed pursuant to an order of the court styled "Order in the Nature of a Writ of Ne Exeat," the pertinent provisions of which are as follows:
"Whereas, it has been made to appear by sworn bill of complaint and oral testimony taken by this Court, that the defendant, Donald Carter Walterson, is about to leave the jurisdiction of this Court,
"This, Therefore, is to command you to immediately take into custody, Donald Carter Walterson, a defendant in the above cause, and to hold him until the said defendant, Donald Carter Walterson, shall have executed and filed a bond in the sum of $7,500.00 to be approved by the Clerk of this Court, conditioned that the defendant will remain within the jurisdiction of this Court and abide by further orders of this Court, and also to secure plaintiff for any orders of this Court entered herein."
The conditions of the bond itself were merely that the defendant "shall appear from day to day and term to term of said Court and not depart the same without leave, * * * and abide by further orders of this court."
In Muckelrath et al. v. Chezem, 184 Miss. 511, 186 So. 621, 623, relied on by appellee, a bond in the exact form of that in the instant case was held by the Mississippi court to be, in effect, "an appearance bond to abide the decree of the court, and not a bond to abide and perform the judgment." The Mississippi court entered judgment against the principal and surety on the bond, however, since it affirmatively appeared that the defendant had fled the jurisdiction of the court.
And in Buonanno v. Caldwell, 160 Fla. 889, 37 So.2d 159, this court held that a bond conditioned that the defendant "shall appear from day to day and term to term of said Court and not depart the same without leave," was nothing more than an appearance bond, even though the writ of ne exeat entered by the Chancellor required the defendant "to answer any judgment that may be made therein." See also Lieberman v. Lieberman, Fla., 43 So.2d 460.
These holdings are in accordance with the statement in 38 Am.Jur., Ne Exeat, Section 30, page 628, that "The usual condition of the bond is that the defendant will not depart from the jurisdiction of the court and that he will obey its lawful orders and decrees; but it does not secure the performance of the decree of the court." and with the historical aspect of the writ of ne exeat regno, i.e., "Let him not go out from *96 the kingdom." The manifest purpose of such writ, as its name indicates, is one of restraint to maintain the presence of the defendant within the state, for the purpose of securing the practical application of legal process. In present-day practice, by virtue of statute, it has been adapted to use in divorce proceedings to secure to the wife her alimony in the event the husband flees the jurisdiction of the court and is thus not available for the applying to him of the methods of enforcement authorized by law. Instead of the moneys being forfeited to the county, upon breach of the "ne exeat" conditions of the bond, the moneys on deposit may be applied to the carrying out of the orders of the court respecting the payment of alimony. This, in our opinion, is the "security" afforded by the provision of Section 65.11, Florida Statutes, 1941, F.S.A., that "the court may award a ne exeat * * and make such order or decree as will secure the wife's alimony to her" and by the order of the court in the instant case requiring a bond "also to secure plaintiff for any orders of this Court entered herein." Any other construction of the statute would be inconsistent with the fundamental legal purpose of the writ and, moreover, would amount to an enlargement of the remedies of the wife for the enforcement of an alimony decree against a husband within the jurisdiction of the court.
The case of American Surety Co. of New York v. Gedney, 123 Fla. 703, 167 So. 355, relied on by appellee, is not in conflict with the opinions expressed herein. The bond in that case, in clear and unambiguous terms, bound the surety and the principal to "pay all sums of money now due and give bond and security that he will pay sums which shall, in the future, become due by reason of the final decree in this case." The legality of the order requiring the bond was not attacked by either the principal or the surety on the bond. The moneys ordered to be paid under the final decree, although referred to as "alimony", were in reality monthly sums required to be paid to the wife for the support and maintenance of a minor child of the parties. Under the particular facts and circumstances of the American Surety Co. v. Gedney case, this court had no alternative but to affirm the judgment against the surety on the bond.
For the reasons stated, we hold that the Chancellor erred in entering judgment on the bond, and judgment is therefore
Reversed.
ADAMS, C.J., and TERRELL, THOMAS and ROBERTS, JJ., concur.