HOBSON, Justice.
This appeal originated in the lower court as a divorce suit between Vera Hynes, who was plaintiff, and her husband, Albert J. Hynes. The Chancellor required Albert J. Hynes to make a ne exeat bond in the sum of $5,000. Appellant, State Fire and Casualty Company, is the surety on that bond. The appeal is only from that portion of the final decree which provided that upon default of the defendant to pay the sum of $5,000 into the registry of the court the appellant as surety upon said bond should deposit said amount of money therein.
The learned Chancellor relied upon our opinion in Pan American Surety Co. v. Walterson, Fla., 44 So.2d 94, 95, as authority for the entry of that portion of the final decree which is under attack. The conditions of the ne exeat bond in that case were “shall appear from day to day and term to term of said Court-and not depart the same without leavej * * * and abide by further orders of this court.” (Italics supplied.) The Chancellor in his final decree awarded the plaintiff alimony in a lump sum and ordered that “in the event said sum is not paid as directed by this Court, the plaintiff may immediately undertaike *724 proceedings to collect the same against the $7500100 Ne-Exeat bond posted by the defendant.” The defendant -failed to pay the lump sum of alimony as ordered by the court and upon such default a petition was filed by the ’ plaintiff for a rule to show cause directed to the Pan American Surety Company. Thereafter judgment cm the rule to show cause was entered for the plaintiff against the Surety Company in the amount of the bond. In that case we reversed the ruling of the lower, court.
We did 'hold that if there had been a breach of the bond by the defendant, that is to say that if he had fled the jurisdiction of the court and therefore had not been “available for the applying to him o'f the methods of enforcement authorized by law”, the condition of the bond in that case would have been sufficient to have justified the chancellor in summarily ordering payment of the amount of the bond into the registry of the court in order to- “secure the wife's alimony to her” as is provided in and by Section 65.11, Florida Statutes 1941, F.S.A.
The condition of the bond in the instant suit reads:
“ * * * The condition of this obligation is such that if the said Albert J. Flynes shall appear at the next 'Regular or Special term of the Circuit Court Fifth District, Lake County to be held in and for said County to answer a Writ of Ne Exeat and shall appear from day to day and term to term of said Court and not depart the same without leave then this obligation to be void, else to remain in full force and virtue.”
There is but one condition of the bond in this case. It is nothing more than an appearance bond and it does not even contain any such provision as “* * * and abide by further orders of this court.” Nor is there any such condition in this bond as was contained in the bond in the case of American Surety Company of New York v. Gedney, 123 Fla. 703, 167 So. 355. Moreover, in the instant case, although the Chancellor determined “that the defendant has not appeared before this Court at any time or in any proceedings in this 'Court except by counsel”, we find no ruling by the Court to the effect that the defendant below breached the condition of the bond by fleeing the jurisdiction of that at the time of the entry of the final decree he was “not available for the applying to him of the methods of enforcement authorized by law.” See Pan American Surety Co. v. Walterson, supra.
Furthermore, regardless of the fact that Albert J. I-Iynes may not have been “available for the applying to him of the methods of enforcement authorized by law”, the Court merely awarded a ne exeat bond as is expressly authorized by Section 65.11, supra, and did not, at the time of entering the order requiring a ne exeat bond, direct the inclusion therein of a condition which would secure the wife’s alimony to her.
Although it might be said that the defendant below breached the condition of the ne exeat bond by his failure to appear in court in person there is no condition of the bond which placed appellant herein on notice that it would be required to pay the amount of the bond upon failure .of the principal (defendant below) to abide by and comply with further orders of the court. In other words, it was not a bond to guarantee support of the minor child or alimony payments. Such condition might have been placed in the bond as was done in the case of Pan American Surety Co. v. Walterson, supra, and in the case of American Surety Co. of New York v. Gedney, supra. The fact remains, however, that the power granted unto the Chancellor by Section 65.11, supra, to make an order to secure the wife’s alimony to her was not with 'reference to the condition of the ne exeat bond exercised in this case.
Consequently, this case is governed by the law as set forth in Wolfe v. Garcia, 72 Fla. 491, 73 So. 593, and in the case of Thomas v. Martin, 100 Fla. 146, 129 So. 602. See also Buonanno v. Caldwell, 160 Fla. 889, 37 So.2d 159, and Lieberman v. Lieberman, Fla., 43 So.2d 460. The case of Wolfe v. Garcia, supra, was decided in 1916. Section 1935, General Statutes 1906, was in effect at that time. We find no material changes in the provisions of said law in the present statute, Section 65.11, supra. An action upon the bond in the instant suit, if any, must be at law.
*725 Our judgment is one of reversal as to that portion of the Chancellor’s final decree which summarily directed appellant to pay the amount of the bond ($5,000) into the registry of the court.
Reversed.
SEBRING, C. J., and TERRELL and THOMAS, JJ., concur.
Order Enlarging Original Opinion and Denying Motion to Dismiss Appeal.
HOBSON, Chief Justice.
In her petition for rehearing the appellee asserts that we failed to pass upon the motion to dismiss this appeal which was predicated upon the ground that the so-called final decree of January 22, 1952, from which this appeal was prosecuted was not, insofar as the appellant is concerned, a final decree and, therefore, not appealable. It was contended by appellee' that appellant should have filed a petition for certiorari as provided by 30 F.S.A.Rules of Supreme Court, Rule 34, and that since the 60 day period allowed within which a petition for certiorari might have been filed has expired, even that avenue is no longer open to appellant. See Supreme Court Rule' 28(a).
On june 14, 1952, we entered an order denying the motion to dismiss the appeal “without prejudice to, or present determination of any substantive right.”
Upon a consideration of the briefs which were filed by counsel as ordered by this Court we concluded that the decree of January 22, 1952, was actually a final decree even as to the appellant State Fire and Casualty Company. Having so concluded, we did not deem it necessary to again deny the motion to dismiss the appeal. Had our conclusion been contra we would have entered an Order setting aside our prior Order denying the motion to dismiss.
We did not and do not agree with counsel for appellee that the final decree from which this appeal is prosecuted is, so far as appellant is concerned, an interlocutory order. Section (G) of the final decree reads:
“(G) That the defendant be, and he is hereby ordered to pay into the Registry of this Court, the sum of Five Thousand Dollars, being the principal amount of the bond posted in response to the Writ Ne Exeat heretofore issued by this Court not later than the 18th day of February, 1952, and in default of such payment of said amount by the defendant on or- before said date; then -the State Fire and Casualty Company, as surety upon said bond, shall deposit in the Registry of this Court, the sum of Five Thousand Dollars, and the Clerk of this Court is hereby ordered and directed that from the said $5,000.00 he shall pay immedi■ately to the plaintiff and her attorney, the amounts of money heretofore ordered to be paid by the defendant to the plaintiff and her attorney, up to and including Saturday, July 5, 1952; and thereafter the said Clerk of this Court shall pay to the plaintiff the amounts of money awarded to her in this decree for permanent alimony and support of the minor child of the parties in accordance with the -provisions of this decree as hereinabove contained.”
Had the final decree merely ordered appellant to pay $5,000 into the Registry of the Court we might agree with counsel’s contention that the portion of the final decree which affects appellant was interlocutory in character. However, the decree not only ordered appellant to deposit $5,000 into the Registry of the Court upon default of the defendant-husband to do so, but it went further and ordered and directed the Clerk to pay from the $5,000 immediately to the plaintiff (appellee herein) and her attorney the amounts of money previously ordered to be paid to them and likewise ordered and directed the Qerk to pay from the sum of $5,000 the amounts of money awarded to appellee for permanent alimony and support of the minor child in accordance with the provisions of the self-same final decree. Under these circumstances, insofar as appellant is concerned, we are of the opinion, and so hold, that the judicial *726 labor was at an end and that the decree so entered was final except for the possible necessity of the Court enforcing it. In effect the decree directed appellant to pay $5,000 to appellee and her attorney in designated portions. Certain it is that the $5,000 was not ordered paid into the Registry of the Court to abide further orders and appellee was entitled to immediate enforcement of the decree. Dunscombe v. Smith, 139 Fla. 497, 190 So. 796. Moreover, if petition for certiorari rather than an appeal had been the proper method for appellant to follow we would have regarded and acted on the appeal as though it were a petition for certiorari in compliance with Section 59.45, F.S.A., Chapter 23826, Laws of Florida, 1947. Consequently, the motion to dismiss should be and it is hereby denied.
It is further ordered that the opinion heretofore filed in this case be, and it is hereby, amended to include as a part thereof this order and opinion on rehearing. Having thus enlarged our original opinion, the petition for rehearing is denied.
TERRELL, THOMAS and SEBRING, JJ.„ concur.