HOBSON, Justice.
This appeal grows out of divorce proceedings wherein, on application of the plaintiff-appellant wife, a writ of ne exeat was issued and the husband was required to make bond in the amount of $2,000, which was posted for him by one Meyer Possick, doing business as the Meyer Bail Bonding Company. The writ commanded that the $2,000 security be conditioned “that the said Stanley H. Aiken [husband] will not go nor attempt to go into parts beyond this state without leave of this Court and that he will abide by and comply with all lawful orders and decrees of this Court; * * * ”
After testimony was taken by the Chancellor, the surety, on December 3, 1953, surrendered the defendant in open court and moved for discharge under F.S. § 62.21, F.S.A., representing that the bond was still in full force and effect and had not been forfeited. The motion was denied. A final’ decree of divorce was entered on December 21, 1953. On March 23, 1954, the surety again moved for his discharge on the bond. On April 9, 1954, the court orally decided to deny this motion and on April 14, 1954, the surety filed a “motion for rehearing”. On June 9, 1954, a decree was entered on this motion, the pertinent part thereof reading as follows:
“1. This Court adheres to the decree on motion for discharge of surety on ne exeat bond entered by this Court on the 21st day of December, A.D.1953, except that it has now considered further the question of the ownership of the Two Thousand ($2,000.00) Dollars deposited as a ne exeat bond for the defendant, and this Court finds that the said Two Thousand ($2,000.00) Dollar bond was deposited by Meyer Possick, doing business as Meyer Bail Bonding Company, and that the Sheriff of Pinellas County, Florida, is hereby authorized and empowered to return the said Two Thousand ($2,000.00) Dollars to the said Meyer Possick, doing business as Meyer Bail Bonding Company, less the sum of Two Hundred and Fifty ($250.00) Dollars, which said sum is to be retained by the Sheriff of Pinellas County, Florida, as a ne exeat bond, under the terms and conditions of that certain decree entered on the 21st day of December, A.D. 1953, and less the further sum of Fifty-six and 79/100 ($56.79) Dollars costs, which said costs are to be deducted from the said Two Thousand ($2,-000.00) Dollar bond and said costs are to be paid to the said Faye Aiken, or her attorney of record, and that after deducting the said costs as hereinbefore set forth, and the said sum of Two Hundred and Fifty ($250.00) Dollars from the said Two Thousand ($2,000.-00) Dollar bond, the Sheriff of Pinellas County, Florida, is hereby authorized and empowered and instructed to return the balance of said funds to the said Meyer Possick, doing business as Meyer Bail Bonding Company, this Court now finding that the said Meyer *759 Possick, doing business as Meyer Bail Bonding Company, is the owner of said funds.”
'This is the decree from which the wife has appealed and the surety has cross-appealed.
In the decree of December 21, 1953, referred to in the portion of the decree quoted above, the court, in denying the surety’s motion for discharge, had deferred further action on the bond
“for a period of sixty days from the entry of final decree herein or until such prior time as the defendant shall pay all costs, including attorney’s fees in the amount of $250.00, as provided by the final decree to be later entered herein; that the ampunt-of,.recovery under said ne exeat bond shall be limited to amounts due and owing by the defendant to the plaintiff at the time of the entry of the fina.1 decree herein; that upon the payment of all costs and expenses, including the attorney 'fees as fixed by said final decree, into the registry of the Court, the Court will enter its order discharging said ne exeat bond and returning the cash, deposit to either Meyer Possick or the defendant as it may be then advised; that upon the payment of $250.00 attorney’s fees into the registry of the Court either by the defendant in compliance with the Court’s order or by'the application of $250.00 from said $2,000.00 security for ne exeat, said sum shall be taken and treated as a new ne exeat bond to be given by the defendant * * *. ”
Reading these two decrees together, as they must be read, there is no doubt that the court deducted costs and attorneys fees from the principal amount of the bond, although $250 of the sum deducted was supposed to be in the nature of a new or reduced ne exeat bond.
Appellant wife contends that it was error to order any money returned to the surety. Cross-appellant Possick contends that it was error to make deductions from the amount posted, and that the court should have released the surety when the defendant was surrendered and motion made for release.
While the position of appellant is not without merit, and is ably presented, we cannot accept it in this case. It is first argued by appellant that the surety should not have been permitted to come into the case for discharge in the absence of formal intervention, and that this proposition is supported by the case of Lieberman v. Lieberman, Fla., 43 So.2d 460. We can understand how counsel might have taken this position without the advantage of the original record in the Lieberman case, which we have perused. Although the husband’s sister-in-law in that case had advanced the husband money for a bond and bad been permitted to intervene.by the chan-: cellor, the, original record shows that the question of the necessity for, or propriety of such intervention was not raised. , We therefore did no.t settle it, and the intervention feature of the, case should be considered as surplusage.
The writ of -ne exeat in the instant case was issued under authority of F.S. § 65.11, F.S.A. It was settled in Pan American Surety Co. v. Walterson, Fla., 44 So.2d 94; State Fire & Casualty Co. v. Hynes, Fla., 62 So.2d 723; and Buonanno v. Caldwell, 160 Fla. 889, 37 So.2d 159, that under this section the purpose of the ne exeat writ is to maintain the defendant’s presence within the state and that while the court may add conditions designed to secure the payment of alimony, breach of the main condition of the bond, i. e., absence of the defendant from the state, is an indispensable prerequisite to application of bond money to the payment of alimony. Compare American Surety Co. of New York v. Gedney, 123 Fla. 703, 167 So. 355, as distinguished in the Walterson case, supra, noting that in the Gedney case the bond in addition to the conditions that the defendant should not leave the state and should abide by all lawful orders of the court, was further conditioned that he should “ ‘pay all sums of money now due and give bond and security *760 that he will pay sums which shall, in the future, become due by reason of the final decree in this case ■ * * ” It is not proved in the instant case, nor has it ever been contended, that the defendant-appellee has passed from the jurisdiction of the court. It follows that it was error to apply any sums from the $2000 bond to the payment of costs or attorney fees, and the position of cross-appellants is correct. A further observation we must make, in harmony with the position of cross-appellants, is that an action for recovery on a bond, in circumstances which justify such recovery, must be at law. State Fire & Casualty Co. v. Hynes, Fla., 62 So.2d 723. In a bond of this type, conditioned only upon continued presence within the state and obedience to lawful orders and decrees of the court, where the surety produces the principal in open court and requests release of the bond the chancellor has no alternative other than to discharge the surety. Thereafter, unless otherwise ordered by the court, the matter stands as if no bond had been made and the principal must be surrendered to the custody of the sheriff until such time as he makes another satisfactory bond.
We return at this point to the question of the necessity for intervention, having deferred final consideration of it thus far because it is necessarily associated with the nature of the bond, which we have outlined above.
Under the Walterson case, supra, 44 So.2d 94, no judgment entered between the parties litigant herein could possibly affect the Meyer Bail Bonding Company, so long as the defendant remained within the state. Hence the surety had no interest in the case which would permit him to intervene. See Morgareidge v. Howey, 75 Fla. 234, 78 So. 14, and Singletary v. Mann, 157 Fla. 37, 24 So.2d 718, 166 A.L.R. 904. True, the surety in the instant case was obliged to penetrate the litigation farther than was appropriate, but this was the result of error. He produced and surrendered the defendant entirely in accordance with F.S. § 62.21, F.S.A., so far as appears. This statute contemplates no intervention, but merely the simple expedient of producing the defendant “at any time before the bond shall be forfeited,” in which event the court “shall” discharge the surety from his undertaking. Such discharge requires return of the bond in full.
Reversed and remanded for further proceedings not inconsistent with this opinion.
DREW, C. J., and TERRELL, SE-BRING and THORN AL, JJ., concur.
THOMAS, J., agrees to conclusion.
ROBERTS, J., not participating.