QUESTION: Does the approved form of a writ of ne exeat, Form 1.917, Florida Rules of Civil Procedure, authorize the sheriff (or his deputy) to take the defendant named in the writ into custody and deliver him to the booking desk at the county jail, where the defendant then has the option of posting the bond required by the writ or being jailed?
SUMMARY: The language of the form of a writ of ne exeat (approved by Rule 1.900 RCP), Form 1.917, Ne Exeat, does not appear to be legally sufficient, within constitutional limitations, to authorize a sheriff to arrest or take a person against whom such writ has been issued into custody and to deliver such person to the booking desk at the county jail before such person is allowed to post bond, absent explicit refusal by such person to give the bond. However, the issuing court may, in its order for the writ, command the sheriff to take the defendant into custody and detain him until defendant shall have properly executed and filed the bond required of him by the court. The approved form of the writ, Form 1.917, RCP, may be modified by the clerk of the court if necessary to conform the writ to such order of the court. The form for a writ of ne exeat, as approved by the Florida Supreme Court at 211 So.2d 174 (Fla. 1968), is as follows: YOU ARE COMMANDED to request defendant . . . . to give bond in the sum of $ . . . . payable to the Governor of Florida and his successors in office conditioned that defendant will answer plaintiff's pleading in this action and will not depart from the state without leave of court and will comply with the lawful orders of this court and pay any judgment hereafter entered in this action, with sureties to be approved by the clerk of this court, and if defendant refuses to give the bond, you are commanded to arrest him and confine him in the . . . . County jail until he gives the bond or until the further order of this court. WITNESS my hand and the seal of this Court on . . . . , 19 . . . . (Name of Clerk) As Clerk of the Court By . . . . As Deputy Clerk NOTE: The court may eliminate the requirement that the bond be to "pay any judgment hereafter entered in this action." An order for the writ must be obtained from the court. (Emphasis supplied.) The writ of ne exeat, issued by the clerk pursuant to an order of the court, is primarily a personal writ intended to enable the court to retain jurisdiction over the defendant by preventing him from leaving the jurisdiction until he gives security for his appearance in court. State ex rel. Perky v. Browne, 142 So. 247 (Fla. 1932); Pan American Surety Co. v. Walterson, 44 So.2d 94 (Fla. 1950); Aiken v. Aiken,81 So.2d 757 (Fla. 1955). Since the primary purpose of the writ is to maintain or secure the defendant's presence within the issuing court's jurisdiction, and one of the prerequisite requirements for the issuance of the writ is that the defendant is about to leave the jurisdiction, Hagen v. Viney, 169 So. 391 (Fla. 1936), it would seem obvious that some restraint of the defendant's freedom is necessarily required between the time the writ is served and the required bond is posted and the sureties approved, if such approval is required by the writ. Note that the approved form requires sureties on the defendant's bond to be approved by the clerk of the court, but the three statutes specifically providing for a writ of ne exeat, ss. 61.11 (for enforcement of alimony),742.021 (in paternity actions), and 68.02(1) (in general), F. S., are silent as to the requirements for surety bond or approval of defendant's sureties. Although s. 68.02(1), as well as the other cited statutes, does not expressly provide for the giving of a bond by the party taken into custody by a sheriff under a writ of ne exeat, there can be no question as to one under such restraint having such right. Thomas v. Martin, 129 So. 602, 603 (Fla. 1930). Pursuant to s. 45.011, F. S., relative to all statutes about practice and procedure, a "bond with surety" means one with two sufficient sureties, a bond with a licensed surety company as surety, or a cash deposit conditioned as for a bond; and pursuant to s. 45.021, F. S., this definition applies to any bond ordered to be given under the provisions of s. 68.02(1), F. S., unless specifically provided otherwise in Ch. 68 or parts thereof. Thus, any bond ordered pursuant to s. 68.02(1) or (2) could be a bond with a licensed surety company as surety or a cash deposit conditioned as for a bond in lieu of a bond with two sureties. Also see s. 61.13(4), F. S., as renumbered by s. 1 of Ch. 75-99, Laws of Florida, authorizing the court at any stage of the proceeding and after final judgment to make such orders about what security is to be given for the care, custody, and support of the minor children of a marriage as from the circumstances of the case is equitable. The authorities are in agreement that the arrest, or taking into custody, and detention of the defendant until he gives bond or furnishes the required security is what is contemplated and normally ordered by the court: The writ generally commands the sheriff to arrest the respondent and detain him in jail until he furnishes a bond . . . . 23 Fla. Jur., Ne Exeat s. 2. The writ itself is directed to the sheriff commanding him to commit the party to custody until he gives security in the amount set by the court. 57 Am. Jur.2d, Ne Exeat s. 17. See also 5 C.J.S. Ne Exeat ss. 10 and 11. The Florida courts also view the writ as requiring the arrest and detention of defendant: On being arrested on a writ of ne exeat . . . . [Perky, supra, at 250.] [t]he principal [defendant] must then be surrendered to the custody of the sheriff until such time as he makes another satisfactory bond. . . . [Aiken, supra, at 760.] And see the form of an "Order in the Nature of a Writ of Ne Exeat" issued by a circuit court, cited in Pan American Surety, supra, 44 So.2d at 95: This, therefore, is to command you to immediately take into custody [defendant] and to hold him until the said defendant . . . shall have executed and filed a bond in the sum of $7,500.00 to be approved by the Clerk of this Court. . . . In addition, s. 68.02(4), F. S., granting the surety of the defendant the right at any time before the bond is forfeited to surrender the principal defendant to the court or to its executive officer (sheriff), provides that the executive officer of the court "shall detain the principal [defendant]." The problem thus arises: The standard form of the writ, Form 1.917, RCP, approved by the Supreme Court of Florida at 211 So.2d 174
(Fla. 1968), does not command the sheriff to arrest the defendant nor to take him into custody and detain him until the required bond is posted. Therefore, since the three ne exeat statutes cited above are silent in this regard, under those three statutes, and because of the inherent equitable power of the court, the terms and conditions of the order for the writ, or the writ itself, or the defendant's bond, become the obligation and province of the court. If a writ of ne exeat using the approved form is what the clerk actually issues pursuant to the order of the court, the sheriff is only commanded to request the defendant to give bond. It is too well settled in Florida to require citation of authority that a sheriff may not make an arrest unless he has the lawful authority to do so. In this instance, in serving a writ of ne exeat, the sheriff is acting as executive officer of the court (s.30.15, F. S.), so the court, in its order for a writ, must grant the sheriff the authority to arrest or take the defendant into custody, since no statute does so. However, a sheriff need not look to the actual court order, but will be protected in the execution of process valid on its face. Camp v. Mosley, 2 Fla. 171
(1881). Cf. DeWitt v. Thompson, 7 So.2d 529 (Miss. 1942); U.S. ex rel. Bailey v. Askew, 486 F.2d 134 (5th Cir. 1973); O'Brien v. Food Fair Stores, North Dade, Inc., 155 So.2d 836 (3 D.C.A. Fla., 1963). And the language of approved Form 1.917 does not expressly authorize the sheriff to arrest the defendant unless defendant "refuses" to give bond. Therefore, if Form 1.917 is used for the writ, the authority to make the arrest does not spring into existence until, and is conditioned upon, the defendant's refusal to give the bond. What, other than an explicit statement from defendant, may constitute a "refusal" to give bond, will depend on the facts of the particular case and is a matter for judicial determination. While there is some authority for the proposition that "refusal" may be merely a passive failure to act, Halprin v. Babbitt, 303 F.2d 138 (1st Cir. 1962), Florida appears to follow the majority rule that a "refusal" implies something more than a mere passive failure to act — it implies an active rejection or denial of what is asked. County Canvassing Board, etc. v. Lester,118 So. 201 (Fla. 1928); Board of Public Instruction of Palm Beach County, Fla. v. Cohen, 413 F.2d 1201 (5th Cir. 1969). The court in Perky, supra, at 250, pointed out that because the writ of ne exeat was "contrary to the right of free locomotion as taught by the common law," it was done away with at one time, and even now it "should be sparingly used. . . ." The court went on to say . . . as the writ is a purely civil writ, it should not be allowed to be used oppressively or in unnecessary violation of the defendant's constitutional right to personal freedom to go and come as he may please. In view of the fact that courts take very seriously any infringement by law enforcement officers of a citizen's constitutional right to liberty and the fact that the approved form of the writ does not specifically authorize the sheriff to take the defendant into custody and to detain him until he gives bond and, as noted above, the authority to arrest the defendant is conditioned upon the defendant's refusal to give bond, the "common practice" you describe of "picking up a defendant and bringing him to the booking desk" at the jail "where [he] has the choice of posting bond or being jailed" is constitutionally suspect, absent explicit refusal of the defendant to give the bond. This is not to say that the defendant may not voluntarily accompany the sheriff or voluntarily consent to detention until the required bond or surety is given, thus waiving any claim against the sheriff for false arrest and/or imprisonment. See 35 C.J.S. False Imprisonment ss. 12 and 45; cf. 79 C.J.S. Searches and Seizures ss. 62 and 102. However, the best resolution of the conflict between what Form 1.917 commands the sheriff to do, absent explicit refusal of the defendant to give bond, and the "common practice" described above is for the sheriff to seek an order from the issuing court as to the procedure the sheriff is to follow in executing or serving the writ, and that the sheriff is to take defendant into custody and detain him until defendant shall have properly executed and filed the bond required of him. This is the usual style of a writ of ne exeat as set out in the form books. See 18 Am. Jur. Pleading and Practice Forms (Rev. ed.), Ne Exeat, Forms 7, 8, 9, and 10. The preface to the Florida Forms, Rule 1.900, RCP, states that the forms may be varied to meet the facts of a particular case. It would seem a simple matter for the court order for the ne exeat writ or other court order or decree to authorize and order the sheriff to take defendant into custody and detain him until defendant posts the required bond, thus protecting the sheriff from a suit for false arrest and/or false imprisonment. As it now reads, the language of Form 1.917, RCP, does not appear to be legally sufficient, within constitutional limitations, to authorize the sheriff to arrest or "pick up a defendant and [take] him to the booking desk" at the county jail before the defendant is allowed to post bond, absent explicit refusal by defendant to give the bond. Therefore, your question as stated must be answered in the negative.