NESBITT, Judge
(dissenting in part):
I respectfully dissent from that portion of the majority’s decision which reverses the trial court’s order “because the record before the master contains no evidence to substantiate the father’s alleged concern that Mrs. Cory ... will remain in Japan with the boy.” It is simply impossible for this court to make such a finding since neither a transcript of the hearing before the general master nor any proceeding before the trial court on Mrs. Cory’s motion has been made a part of the record on appeal.[1] Without a record of the proceedings, this court cannot properly resolve the underlying factual issues so as to conclude that the decision is not supported by the evidence. See Applegate v. Barnett Bank, 377 So.2d 1150 (Fla.1979). Where the record brought forth by the appellant is inadequate to demonstrate reversible error, the trial court order should be affirmed. Applegate; Besade v. Besade, 430 So.2d 927 (Fla. 3d DCA 1983); Palmar v. Palmar, 402 So.2d 20 (Fla. 3d DCA 1981). Accordingly, the trial court’s denial of Mrs. Cory’s motion should be affirmed because Mrs. Cory has failed to demonstrate reversible error.
Furthermore, contrary to the majority’s conclusion, portions of the record that are before this court substantiate Mr. Cory’s concern that Mrs. Cory might not return to the United States with the boy if allowed to leave with him. In May 1980, the court entered an order which prohibited the parties from removing the two minor children of the parties from the jurisdiction of the court without further court order. The following month, the court entered another order specifically restricting Mrs. Cory from removing the children from Dade County for vacation. In direct defiance of these orders, Mrs. Cory took her minor son to Japan without informing Mr. Cory or the court beforehand. See § 787.-04, Fla.Stat. (1979) (felony to remove child from state contrary to court order). Without knowledge of the whereabouts of his son, Mr. Cory filed an emergency motion for temporary custody of the children which, after testimony and argument of counsel was heard, was granted by the court on August 11, 1980. This order was vacated by the court in an “agreed order” on August 21, 1980. Although denied by Mrs. Cory, there were allegations that she only returned with the child after Mr. Cory agreed to allow the order of temporary custody to be vacated. The general master and the trial court could have properly considered this previous disregard of court orders by Mrs. Cory in reaching the decision involved here. See McAnespie v. McAnespie, 200 So.2d 606 (Fla. 2d DCA 1967) (the master in any case should and must base his conclusions upon the whole record of the case at hand).
Finally, even had Mrs. Cory demonstrated reversible error in the present case, I would disagree with the majority’s decision to limit the trial court’s discretion to fixing the time and duration of the child’s visit to Japan. In my view, it is incumbent on a trial court in this type of situation to determine, pursuant to its discretion in this area, the time and duration of the visit as *1300 well as what, if any, assurances should be made by the noncustodial parent to insure the return of the child or children to their custodial home.[2] See American Surety Co. v. Gedney, 123 Fla. 703, 167 So. 355, 357 (1936) (court has “the power and authority to require the defendant [husband/father] to give such security, in the way of bond or otherwise, that the court might determine to be proper, equitable, and just to secure the performance of the orders of the court touching the custody and maintenance of the children of the marriage involved”). Cf. Matilla v. Matilla, 474 So.2d 306 (Fla. 3d DCA 1985) (after recognizing the broad range of factors a trial court should consider in determining whether a custodial parent should be permitted to leave the jurisdiction of the court with the child, this court held that it could not “interfere with the trial court’s determination as to the best interests of the child with whose welfare it was charged”). In the event of an abuse of discretion with regard to any conditions imposed, this court would be available to remedy the abuse upon a proper record. See Bergman v. Bergman, 434 So.2d 1037 (Fla. 3d DCA 1983).
Accordingly, I would affirm the order under review in all respects.

. To clarify the situation, it should be noted that Mrs. Cory’s motion only asks for rescission of a previous order which required the parties to petition the court for permission before removing the minor children from the territorial limits of the United States. The effect of the appealed order is merely to retain this requirement; the order does not mean the minor children may not be removed under any circumstances.
In July 1982, Mrs. Cory did file a motion requesting the court’s leave to remove the children from the United States. This motion was summarily denied after a hearing, however, and never appealed. Mrs. Cory has filed no similar motions since that time. Nevertheless, although Mrs. Cory’s present motion to rescind does not •specifically indicate she wishes to remove the children from the United States, Mr. Cory’s response to the motion, styled, “Answer to Amended Motion Requesting Removal of Children,” may more accurately represent the actual issue • that was litigated before the trial court and the general master. This is apparently the view adopted by the majority and, with some reluctance, I will accept it in order to respond to the majority’s decision. This position must be reached with some difficulty, however, since the transcript of the hearing has not been made a part of the record on appeal.

. For instance, in her motion for leave of court to remove the children from the United States filed in July 1982, see supra note 1, Mrs. Cory agreed to post a good and sufficient bond.