# MUCKELRATH *et al. v.* CHEZEM.

(Division A.  Feb. 20, 1939.  Suggestion of Error Overruled March 20, 1939.)

[186 So. 621.  No. 33576.]

Creekmore, Creekmore & Capers, of Jackson, for appellants.

514

**O. M. Oates,** of Bay Springs, for appellee.

**McGowen, J.,** delivered the opinion of the Court.

The appellants, Muckelrath and Alexander, were sureties on a ne exeat bond executed by them as surety on a bond for $750, with Louis Chezem as principal. The bond was issued in connection with divorce and alimony proceedings instituted by Mrs. Chezem against her husband, Louis Chezem.

Upon presentation of the bill of complaint and affidavit, Hon. Edgar M. Lane, Circuit Judge of the district in which Jasper County is located, directed the clerk to issue the writ of ne exeat against Chezem, the husband, prohibiting him from leaving the State and directing the sheriff to require a bond of said Chezem in the sum of $750 under the penalty of the law. Pursuant thereto, the writ was issued and filed in the Chancery Court of Jasper County, along with Mrs. Chezem's bill for divorce and alimony.

On the final hearing of the cause, the court granted a divorce to Mrs. Chezem and the custody of their five

children. The court further decreed against the husband in favor of the wife permanent alimony in the sum of $10 a week or $40 a month, and directed Chezem to pay to her the same amount per month for the support of the minor children.

Chezem, the defendant in the court below and principal in the ne exeat bond, does not appeal to this court.

The following part of the order is appealed from and complained of in this court: "It further appearing to the court that the defendant, Louis Chezem, was, by order of the court, placed under a bond of Seven Hundred and Fifty and 00/100 Dollars ($750), under a writ of ne exeat with sureties, Poley Muckelrath and P. C. Alexander, to appear before this court on the hearing of this bill of complaint; and that the said defendant, after the execution of this bond, fled from the jurisdiction of this court into the State of Missouri, and failed to answer after having thrice been called by the sheriff to answer the mandates of the bond and his appearance before this court; it is, therefore, ordered, adjudged and decreed by the court that a judgment for Seven Hundred and Fifty and 00/100 Dollars ($750) be and the same is hereby awarded against Louis Chezem, as principal on said bond, and against the sureties on said bond, Poley Muckelrath and P. C. Alexander, and that the sureties on the bond be required to pay the alimony and support to complainant as and when due under this decree to the extent of this bond as required under this order, for which let proper process issue." The bond, after reciting the pendency of the divorce and alimony proceedings, is as follows: "Now therefore, we bind ourselves, our heirs, executors, administrators to stay within the jurisdiction of the Chancery Court of Jasper County, Mississippi, to await the decree of the court in said above styled cause, under the penalty of this bond and to abide the orders of said court, and when so done, then this obligation is to (be) void, otherwise to remain in full force and effect."

The appeal here is predicated upon complaint that the

court below entered a final judgment against the sureties on the bond in the chancery court, and it is contended that only a final judgment against the sureties on the bond could be entered in a court of law by a suit on the bond which was payable to the State of Mississippi for the use of Mrs. Elizabeth Chezem.

In support of this proposition, there is cited to us by appellants, Section 268 of Amis' Divorce and Separation in Mississippi; and the case of Wolfe v. Garcia, 72 Fla. 491, 73 So. 593, which seems to support the argument advanced by the appellants. The Florida case is of little assistance, for the reason that there appears to be controlling statutes as to writs of ne exeat in the State of Florida, and in Mississippi there are no statutes on the subject.

The writ ne exeat regno (in this country, ne exeat republica) has been recognized in the Courts of England since the reign of Queen Elizabeth. In the case of Edmonson v. Ramsey, 122 Miss. 450, 465, 84 So. 455, 458, 10 A. L. R. 380, this court declared that the writ was available in proper cases in this State in the following language: ''It is also to be borne in mind that our chancery courts have power to issue the equitable writ of ne exeat republica even before an award of alimony, when a proper charge is made to the court that the defendant is about to leave the State or that he has said that such was his purpose. Under this proceeding, he may be required to execute a bond with sufficient sureties conditioned not to leave the State, or as security for the payment of the alimony which may be adjudged against him. 1 R. C. L. 888; Bronk v. State, 43 Fla. 461, 31 So. 248, 99 Am. St. Rep. 119. The object of the writ of ne exeat is to detain the person of the defendant in order to compel him to perform the decree of the court in those cases where his departure would endanger the rights of the complainant or prevent the effectual enforcement of the order of the court.''

It will be observed that this court enforced a decree

wherein there was a writ of ne exeat in the case of Rhinehart v. Rhinehart, 126 Miss. 488, 89 So. 152, but in that case the chancery court was vested with the power to punish for contempt by Section 1421 of the Code of 1930.

The procedure and the orders have never been under review in this State, but we find that in 1815 the Lord Chancellor, in the case of Utten v. Utten in Merivale's Chancery Reports, Vol. 1, Page 51, entered an order upon breach of the bond by the principal requiring him and the sureties on a ne exeat bond to pay the money into the court. In that case, the sureties, by petition, stated that the principal in the bond had gone abroad under a mistake as to the effect of the bond and prayed that the sureties be discharged. To like effect is the case of Musgrave v. Medez, 1 Merivale's Chancery, Page 5.

In the case at bar, it will be observed that the bond executed herein was in effect an appearance bond to abide the decree of the court, and not a bond to abide and perform the judgment. The court below, as we view it correctly, had the principal and sureties called and took a forfeiture on the bond and adjudicated that the principal, Chezem, had fled from the State to the State of Missouri. Then, he rendered a money decree against the principal and the sureties on his bond for the penalty thereof $750.

We are of opinion that under our system of jurisprudence, the chancery court is invested with full power to enforce bonds lawfully required and filed in its court; and that it is not necessary for it to await the action of some other court in order to enforce its decrees on the bond. The bond in this case is more than a mere bail bond. The bond had been breached and thereupon, in our opinion, it was within the province and duty of the court to treat the principal and sureties who had entered into the obligation on a ne exeat bond as having entered their appearance in the suit for the purpose of jurisdiction; and that they so did in the court of chancery and became parties thereto for the purposes connected with the use to which the bond is put for the purposes of the suit. In

a case where the bond is given to abide the decree of the court under ne exeat writ, the proper order would have been, as we glean from the authorities, to summarily require the parties to the bond to pay the money into court, or within some reasonable time to appear and show cause, if any they could, why the money should not be so paid. Any other view would render the presumably helpless party complainant and the court powerless to proceed with proper decrees to be rendered in alimony proceedings. We must presume that the wife and children were entitled to money from the husband, Chezem, for their immediate wants. There can be no question but that under such procedure the parties can be accorded full and complete justice in a chancery court.

The ends and purposes of the writ ne exeat will be accomplished by the procedure we have outlined and no injustice can follow when this procedure is properly administered in the chancery court. We have examined many cases, but we cite especially the opinion of the chancellor in Margaretha Schreiber v. Charles Schreiber, 85 N. J. Eq., page 303, 96 A. 85. This case was appealed to the highest appellate court and it was there affirmed without opinion by the thirteen judges constituting that court.

The decree of divorce and awarding alimony is not disturbed, nor is the forfeiture on the bond by this court, but the cause is reversed and remanded in order that the court may summarily order the parties to the bond to pay the money into court, or in default thereof that they appear at some time to be named by the chancellor to show cause why a money decree should not be entered against them, and if and when the amount thereof is paid into court, the order will be that it be disbursed to the appellee in the court below as that court shall direct. Such bond is clearly for the benefit of the appellee.

Reversed and remanded.