TERRELL, Justice.
In response to petition of Sumrall writ of habeas corpus was issued in this cause. Respondent has filed a return to the writ. The issues presented by the return to the writ are: (1) Petitoner charges that two sentences imposed on him by the Criminal Court of Record in Dade County are fatally defective because the court ordered said sentences to commence at the expiration of a non-existent sentence imposed in Brow-ard County, Florida; (2) petitioner charges that he was denied the right to counsel when he was tried in Dade County and that he was coerced into waiving trial by jury; (3) petitioner charges that certain evidence procured as the result of an unlawful search and seizure was used against him in the Dade County trial.
The issues raised in (1) of the complaint are refuted by petitioner’s official criminal record. Each of the sentences imposed upon him by the Dade County Criminal Court of Record was imposed on November 29, 1949, some of which were to run concurrently, while others were to run consecutively, totalling a period of 8 years. The first of these sentences was ordered to begin immediately upon the expiration of the sentence imposed by the Criminal Court of Record for Broward County. Petitioner alleges that at the time the above consecutive sentences were imposed upon him there was no unsatisfied sentence outstanding against him in Broward County. Respond *610 ent denies this and in support of such denial says that on May 28, 1949, the petitioner was sentenced in the Circuit Court of Broward County to 4 years in the state prison for the offense of breaking and entering with intent to commit a felony, all of which is reflected by true and correct copy of petitioner’s commitment attached to the return and marked Exhibit B. Respondent admits that subsequent to petitioner’s Dade County convictions, he was again taken to Broward County where on January 26, 1950, he was sentenced for a separate offense of breaking and entering, the said sentence being for a term of 4 years to run concurrently with the previous sentence of 4 years imposed upon him in Broward County. It is shown that the original Broward County sentence imposed upon petitioner May 28, 1949, expired June 11, 1952, at which time the combined Dade County sentences commenced to run. This court will take notice from the exhibits attached to the return that more than 8 years have passed since petitioner’s combined 8 year sentence began to run June 11, 1952, consequently in explanation of the fact that petitioner remains in prison under said Dade County sentences more than 12 years since the imposition thereof, respondent submits that since petitioner began serving said 8 years in prison, he has been paroled twice and each time his parole was revoked. Petitioner has actually served 5 years, 2 months and 17 days prior to the last revocation of his parole on July 13, 1959. At that time he had remained at liberty for a period of 4 years, 9 months and 21 days since the first parole was granted on January 27, 1953. These allegations will be more clearly reflected by true and correct copy of petitioner’s official parole record as reflected by his prison card marked Exhibits C and D, and made a part of the return, but not made part of this opinion. See also a true and correct copy of each of petitioner’s official parole revocations, being Exhibits E and F, attached and made a part of the return, but not included here. This question is further put at rest by Section 921.16, Florida Statutes, F.S.A.
By complaint (2) the petitioner charges that he was arbitrarily denied the right to counsel when he was tried in Dade County; that he was coerced into waiving trial by jury and to submitting his cases to the decision of the court under plea of not guilty. Petitioner has, however, attached to his petition Exhibit C which is a complete transcript of testimony and other proceedings had and taken at the Dade County trials. The first page of this exhibit reflects affirmatively that petitioner entered his plea of not guilty and waived trial by jury in each of the cases voluntarily. Nowhere in the transcript does it reflect that petitioner requested counsel to aid him in his defense. It does affirmatively appear that petitioner did actively participate in the trial in his own defense and was allowed extreme latitude in the cross examination of state witnesses.
Each of the informations filed in Criminal Court of Record of Dade County, which formed the basis of petitioner’s present incarceration, reflect upon the reverse side that petitioner did agree to waive his right to trial by jury by signing his name underneath the indicated language of waiver, all of which is more clearly reflected by true and correct copy of the reverse side of each of said informations attached and made a part of the return as Exhibits G, H, I, J, K and L, but not made part of this opinion.
All of petitioner’s complaints with reference to alleged irregularities surrounding his trials and sentences in Broward County are now moot, since each of said sentences has long been served. With reference to-the charge of being deprived of counsel during the trials in Dade County, it will be observed on page 5 of his statement of fact contained in petition that petitioner admits that he remained in the Dade County jail for a period of 10 days to 2 weeks prior to the time the Dade County criminal cases were called to trial. He further admits on the same page that he had opportunity to contact an attorney in order to secure representation. It is, therefore, apparent on the face of the record that if in fact peti *611 tioner actually desired to be represented by counsel at the Dade County proceedings, his desire was defeated by his own negligence.
It is further apparent from transcript of testimony and official court records attached to the return, as contained in the petition, that petitioner had ample opportunity to procure counsel, was well aware of his rights to same, that criminal court proceedings were not foreign to him, but that he failed to request counsel at any time during these proceedings.
In such a situation respondent’s case was ruled by Sneed v. Mayo, Fla.1953, 66 So.2d 865, 872, wherein it is stated:
“Where the record shows that the defendant did not have counsel, or fails to show whether he did or did not have counsel, it will be presumed that the defendant waived the benefit of counsel and elected to present his own defense — as every person has the right to do under the Florida Constitution. Decl. Rights, Sec. 11 [F.S.A.].”
Petitioner in this case does not allege that he was incapable because of age, ignorance or lack of mental capacity of representing himself adequately at the trial. The return shows to the contrary that he was capable of representing himself.
The absence of good faith indulged in by petitioner in the complaint is made even more significant by the fact that he has waited almost 11 years to call to this court’s attention the alleged circumstances surrounding the Dade County convictions. It is further significant to note that the attorney whom he claims to have been deprived of during said proceedings has long since passed away, by reason of which the language of Sneed v. Mayo, supra, is most applicable to the petition in this cause, especially that particular phrase wherein the court referred to the thousands of “groundless, if not fraudulent, claims, many of which have been conjured up by prisoners after years of imprisonment, and after witnesses who might have been in a position to refute such claims are no longer available.”
Charge (3) wherein petitioner alleges that certain illegally obtained evidence was used against him at the trial is answered by reference to the transcript of testimony attached to the petition, pages 5 and 8, wherein it affirmatively appears that petitioner gave the arresting officers unequivocal permission to search his motel room in Dade County. Petitioner’s position in this respect is further untenable, in that he attempts to secure relief through habeas corpus upon an assignment which more properly should have been resolved upon a duly constituted appeal. Habeas corpus can not be substituted for appeal in the State of Florida.
For these and other good reasons the petition is found to be without merit so it is discharged.
THOMAS, C. J., THORNAL, J., and STURGIS and CARROLL, District Judges, concur.