PER CURIAM.
Appellant, relator below, seeks review of an order of the lower court quashing a writ of habeas corpus.
The appellant was charged, in the Metropolitan Court of Dade County, with “leaving the scene of accident ‘death’ ”, in violation of § 30-154 of the Code of Metropolitan Dade County. He moved to quash the charge on the ground it did not state sufficient facts, as required by law. Said motion was denied and the appellant was convicted. Thereupon, the appellant petitioned for a writ of habeas coipus and said writ was issued. Upon the State’s Attorney filing his return to the writ and a hearing, the lower court quashed the writ and remanded the appellant to the custody of the sheriff.
In reviewing this record on appeal upon the limited scope of habeas corpus, in order to determine that the judgment and conviction was unlawful, it is necessary that we find that the accusatory pleadings, complaint and docket entry were completely void. Sullivan v. State, Fla.1950, 44 So.2d 96; Gordon v. Lewis, Fla.1956, 91 So.2d 340; 15 Fla.Jur., Habeas Corpus, § 14.
 Where the accusatory pleading is not void, habeas corpus is not the proper *731 remedy to review an order denying a motion to quash. Errors alleged in the trial and ultimate sentence are matters properly raised by appeal. McGuire v. Cochran, Fla.1961, 135 So.2d 226. The law is well established that habeas corpus shall not be utilized as a substitute for matters properly reviewable by appeal. Sneed v. Mayo, Fla.1953, 66 So.2d 865; State ex rel. Sumrall v. Cochran, Fla.1960, 122 So.2d 609.
Careful review of the record on appeal in the instant case reveals that the accusatory pleadings were not void; therefore, the proper method to have the judgment and sentence reviewed would have been by appeal, not habeas corpus. Thus, we find no error in the order quashing the writ of habeas corpus and we hereby affirm the order of the lower court.
Affirmed.